IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

EON REALITY, INC.,          )
                                )
        Plaintiff,        )
                                )
      v.                 )       CIVIL ACTION NO. 1:11cv439-SRW
                                )
SEAN O'BRIEN, et al.,       )
                                )
        Defendants.    )

**MEMORANDUM OF OPINION and ORDER**

This action is presently before the court on the motion of defendants to dismiss plaintiff's complaint pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure (Doc. # 89) due to plaintiff's failure to prosecute this action and its failure to comply with the court's order directing plaintiff to make its corporate representative available for deposition.  Upon consideration of the motion, the court's record, and plaintiff's response, the court concludes that the motion is due to be granted.

**Background**

Plaintiff Eon Reality, a California corporation, commenced this action in the Superior Court of Orange County, California. Defendants removed it to the United States District Court for the Central District of California on June 22, 2010.  That court granted defendants' motion to dismiss plaintiff's first amended complaint, and granted in part and denied in part defendants' motion to dismiss plaintiff's second amended complaint. After defendants answered plaintiff's third amended complaint, the court entered a scheduling order, setting

the discovery deadline for August 29, 2011.  Thereafter, the case was transferred to this court

on defendants' motion. (Docs. ## 1, 11, 15, 19, 24, 26, 32, 38, 39, 40-44).  On November 28,

2011, after obtaining the consent of all parties to Magistrate Judge jurisdiction, this court

entered a scheduling order setting the dispositive motion deadline for June 6, 2012 and the

discovery deadline for August 28, 2012.  (Docs. ## 66-68, 75).

## Defendants' Attempts to Depose Plaintiff

On October 17, 2011, O'Brien noticed plaintiff's Rule 30(b)(6) deposition for

December 20, 2011.  (Doc. # 89-1, pp. 2-5).  On December 9, 2011, Navigator's counsel[1]

wrote to plaintiff's counsel advising him that, because plaintiff had not provided responses

to defendants' requests for production, plaintiff's 30(b)(6) deposition would need to be

postponed until plaintiff did so.[2]  Counsel for Navigator asked about plaintiff's availability

for twenty-four days between January 17, 2012, and March 2, 2012.  (Doc. # 89-1, p. 2).

Navigator's counsel represents that he received no response from plaintiff regarding

rescheduling the  plaintiff's 30(b)(6) deposition.  (Doc. # 89, ¶ 3).  Accordingly, on January

23, 2012, Navigator noticed plaintiff's 30(b)(6) deposition for February 23, 2012. On January

30, 2012, O'Brien's counsel cross-noticed plaintiff's 30(b)(6)  deposition for the same date

and time.  (Doc. # 89-1, pp. 6-13).  On February 10, 2012, counsel for Navigator notified

---

[1]  Two of the defendants, Nav Tech, LLC, and Navigator Development Group, Inc., are
represented by the same attorneys.  The court refers to these defendants jointly as "Navigator."

[2]  Only after O'Brien filed his January 13, 2012 motion to compel did plaintiff respond to
O'Brien's request for production. (Docs. ## 77, 79, 80).

counsel for the other parties by e-mail that he had a conflict and had to reschedule the Rule 30(b)(6) deposition; he proposed March 2 or the week of March 5th.  (Doc. # 89-2, p. 3).  On February 14, 2012, plaintiff's counsel responded that he would contact Navigator's counsel the following day regarding dates. (Id., p. 4).  Navigator's counsel represents that plaintiff's counsel failed to do so. (Doc. # 89, ¶ 4).  On February 16, 2012, Navigator's counsel emailed plaintiff's counsel asking about his availability for the week of March 5-9 to reschedule the deposition.  (Id., p. 5).

Thereafter, according to Navigator's counsel, plaintiff's counsel called him to ask about scheduling the depositions of all of the parties consecutively, suggesting that they be scheduled in late March or early April.  (Doc. # 89, ¶ 5).  Navigator's counsel advised plaintiff's counsel of his availability in April by e-mail on February 23, 2012 and asked plaintiff's counsel to let him know the dates he had in mind.  (Doc. # 89-2, p. 6).  According to Navigator's counsel, plaintiff's attorney did not respond to the e-mail.  (Doc. # 89, ¶ 5). On March 7, 2012, Navigator's counsel again wrote to plaintiff's attorney, asking for dates in April. (Doc. # 89-2, p. 7). Plaintiff's counsel did not respond, according to defense counsel, so Navigator's counsel sent plaintiff's counsel another e-mail the following day asking the dates plaintiff's counsel had in mind for scheduling the depositions.  (Id., p. 8). Defendants represent that plaintiff's counsel again failed to respond, so Navigator's counsel sent another e-mail on March 13, 2012, again inquiring about plaintiff's availability in April. (Doc. # 89, ¶ 5; Doc. # 89-2, p. 9).

By letter e-mailed on March 26, 2012, Navigator's counsel asked plaintiff's counsel to respond by March 30th regarding when he would like to schedule the depositions. He stated, "I have multiple unreturned emails to you on scheduling, and I may be forced to notice your client's deposition unilaterally." (Doc. # 89-2, p. 11). Navigator's counsel represents that plaintiff's counsel failed to respond to the letter. (Doc. # 89, ¶ 6).  On April 2, 2012, Navigator's counsel noticed Plaintiff's 30(b)(6) deposition for April 19, 2012, and on April 3, 2012, O'Brien's counsel cross-noticed the deposition for the same date and time. (Doc. # 89-1, pp. 14-20).  According to Navigator's counsel, plaintiff did not object to either notice or contact defendants' counsel regarding the deposition. (Doc. # 89, ¶ 6).

On April 12, 2012 – a week before the noticed deposition – Navigator's counsel wrote to plaintiff's counsel to confirm that Plaintiff's corporate representative would be attending its 30(b)(6) deposition. (Doc. # 89-2, p. 13).  The following day, plaintiff's counsel responded by e-mail as follows:

> I have con[f]erred with the principals at Eon regarding going to Alabama, and they are willing to do so, but wish to coincide the depositions with depositions of Navigator.  Aside from that April 19 is a problem and I will suggest some alternate dates; presently I am in New York, and will be in my office Monday and will either call or email you.

(Id., p. 14).  Navigator's counsel replied by e-mail that same day:

> I sent emails on March 7, 8, and 13 seeking available deposition dates when both parties could be scheduled that were never responded to. On March 26 I sent a letter that requested your availability by March 30 for scheduling the depositions that you did not respond to.  I then noticed the deposition on April 2 and O'Brien's counsel cross-noticed the deposition on April 3. It was not until today that you notified us that your client would not be attending, and that

4

was only after we sent a reminder letter yesterday. We have been trying to schedule these depositions for months now.

If you want to cancel and reschedule the April 19 deposition, we ask that you consent to a 60 day extension to the dispositive motion and discovery deadlines. Carter Dukes [counsel for O'Brien] has a two week trial in May that will make scheduling difficult in May, thus the need for the 60-day extension. Further, we don't know what additional discovery/depositions will be needed until we take your client's deposition. While we are willing to try and schedule the depositions back to back, that should not be a barrier that prevents your client from sitting for the deposition as the plaintiff bringing these claims. The dispositive motion deadline is now June 6 (and would be August 6) and the discovery cutoff is now August 28 (and would be October 28). Also provide available dates for the weeks of May 29 - June 1, June 4 - 8, June 11-15, June 19-22, but I have not presented these dates to my client or O'Brien's counsel as I would like to hear your proposed dates. Please let me know if you will agree and I will prepare the joint motion.

(Doc. # 89-2, p. 15).

On April 19, 2012, all defendants filed an unopposed motion to extend the discovery and dispositive motion deadlines. (Doc. # 82; see also Doc. # 89-2, pp. 17-21 (indicating consent of plaintiff's counsel to motion)). In the motion, defendants offer the following justification for the requested extension:

Defendants do not know what additional discovery or depositions may be required in this matter until they take the Plaintiff's deposition to uncover the basis and support for the claims involved. There may be additional parties to be deposed (some even potentially abroad) and evidence to be garnered and there may not be sufficient time to complete such discovery in advance of the current dispositive motion deadline or even the current discovery deadline. Defendants cannot prepare their defense or prepare a potential dispositive motion until they are put on notice of what evidence Plaintiff has in support of its claims. Defendants' counsel will be cooperative to allow scheduling for Plaintiff and its counsel, but request the court to extend both the dispositive motion deadline and discovery deadline by 60 days, and to order that Plaintiff's deposition be conducted no later than June 22, 2012. Once again,

Plaintiff does not oppose this motion to extend the deadlines.

(Doc. # 82, pp. 3-4).  On April 23, 2012, the court granted the unopposed motion, and directed that "Plaintiff's corporate representative is to provide testimony after coordination with defendants' counsel, *but in any event no later than June 22, 2012*. (Doc. # 83)(emphasis added).  Because the 60-day extensions to which the parties had agreed would have set the conclusion of discovery six days after commencement of trial and would have brought any dispositive motion filed on the deadline under submission only four days before the scheduled pretrial conference (see Docs. ## 75, 76), the court also rescheduled the pretrial conference and the trial of this matter by order entered the same day as its order granting the unopposed motion.  (Doc. # 84).

On May 15, 2012, counsel for Navigator sent a letter to plaintiff's counsel regarding plaintiff's discovery requests.  He concluded with the following request:

> Finally, pursuant to the court's order, EON's corporate deposition must take place by June 22, 2012.  We are available for depositions on the following dates: June 6 - 8, June 11, 12, 14 or June 20-22.  Please advise us on when you would like to schedule the deposition by the end of the day on May 18, otherwise we will have it noticed on one of the listed dates.  Please contact me with any questions.

(Doc. # 89-2, p. 24).  According to Navigator's counsel, plaintiff did not respond as requested, and, on May 22, 2012, Navigator noticed plaintiff's 30(b)(6) deposition for June 7, 2012.  The following day, counsel for O'Brien cross-noticed plaintiff's deposition for the same date and time.  (Doc. # 89-1, pp. 23-31).  According to defense counsel, plaintiff did not object to either notice or otherwise contact defendants' counsel regarding the scheduled

6

deposition.  (Doc. # 89, ¶ 10).  On June 4, 2012 – three days before the noticed deposition

– Navigator's counsel wrote to plaintiff's counsel:

> We noticed your client's deposition for June 7, 2012, at 9:00 a.m. at our
> offices on May 22, 2012, and co-defendant Sean O'Brien cross-noticed the
> deposition for the same day and time as well. Having not heard from you about
> that date, we will look forward to seeing you and your client representative on
> June 7 for the deposition as the notice sets out.  If you do not intend to put your
> client up for deposition on June 7, please let us know.

(Doc. # 89-2, p. 25).  Plaintiff's counsel responded that same day, stating:

> Regarding the deposition, the two persons to testify are Dan Leje[r]skar and
> Mats Johanss[o]n. They are both abroad, and thus cannot testify on the date
> scheduled.  Dan returns on the 23rd, and Mats returns the week before.  We
> can schedule the depositions after their return.  I have a short trial scheduled
> 26th; [p]lease suggest a couple of convenient days. I apologize for any
> inconvenience.

(Doc. # 89-2, p. 26).[3]

On Friday, June 8, 2012 – two weeks before the deadline set by the court's order for

plaintiff's Rule 30(b)(6) deposition – defendants filed their first motion to dismiss this action

pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure for plaintiff's failure to

comply with the court's order and its failure to prosecute this action. (Doc.  # 85). The

motion described the history set forth above and included exhibits in support of the motion.

(Id.).  The following Monday, the court denied the motion as premature but – in view of the

June 4th letter of plaintiff's counsel – modified its previous order, directing plaintiff "to

---

[3]  The court assumes that the correct spelling for the representatives' surnames are those
found in their travel itineraries.  (See Exhibits to Doc. # 91).

make its Rule 30(b)(6) corporate representative(s) available for deposition testimony **no later than June 22, 2012**, as noticed by defendants unilaterally for any date on or after **June 17, 2012.**" (Doc. # 86)(emphasis in original).  The court did so to allow plaintiff sufficient time to get its identified corporate representatives back from "abroad" before the deposition.  The court directed defendants to serve their deposition notices within twenty-four hours of the order and to file immediately thereafter a copy of the notice in the record of the court "to ensure that plaintiff's counsel receives notice through the court's electronic filing system." (Id.).  Finally, the court advised plaintiff that its "failure to comply with this order may result in sanctions, up to and including dismissal of this action."  (Id.).

That afternoon, defendants served plaintiff's counsel with Rule 30(b)(6) deposition notices, setting the deposition at 10:00 a.m. on June 20, 2012, in the offices of Navigator's counsel.  (Docs. ## 87, 88).  According to defense counsel, plaintiff's counsel telephoned them on June 19, 2012, and told them that neither he nor plaintiff's corporate representatives would attend the deposition scheduled for the next day. At 4:17 p.m. that afternoon – eighteen hours before the time set for the deposition – plaintiff's attorney e-mailed a letter to defense counsel.[4]  He wrote:

> As I informed you by phone, I apologize for the problem with the deposition of Eon. The two persons who can testify are Dan Lejerskar and Mats Johansson, who are both unable to come, because of their business out of state.

_____

[4] The letter bears a date of June 4, 2012; however, defense counsel represent – and plaintiff's counsel's e-mail to defense counsel confirms – that the letter was sent on June 19th.  (Doc. # 89-3, pp. 2-3; Doc. # 89, ¶ 15).

> Mats must be in Canada and Dan is in multiple locations this week: New York, Pennsylvania, Irvine, and then to Singapore followed by Malaysia. Despite trying to get them to Alabama, I am told that their business is crucial. Mats is available next week, and Dan will be returning the second week in July.

(Doc. # 89-3, p. 3). Plaintiff did not petition the court for relief from the June 22, 2012, deadline established by the order entered on April 23, 2012, and reaffirmed in the order entered on June 11, 2012. (See Docs. ## 83, 86). On June 20, 2012, plaintiff's failed to produce any witnesses for its Rule 30(b)(6) deposition. (Doc. # 89-3, pp. 4-9 (court reporter's affidavit and transcript)).

### Motion to Dismiss and Plaintiff's Response

On June 22, 2012, defendants filed the present motion to dismiss. (Doc. # 89). They seek dismissal of plaintiff's claims in this action and an award of fees and costs. (Id.). The court allowed plaintiff until July 3, 2012, to show cause why the motion should not be granted. (Doc. # 90). In its response, Eon Reality does not dispute the underlying factual basis for defendants' motion to dismiss. Plaintiff presents no correspondence to show, for instance, that the representations of defense counsel regarding plaintiff's attorney's failure to respond to requests for available deposition dates are untrue. (See Doc. # 91 and attached exhibits). Instead, plaintiff points out that: (1) it did not refuse to attend the December and February depositions as those depositions were postponed by defendants;[5] (2) "[w]hen Eon

---

[5] Defendants note that the December deposition was cancelled because plaintiff had not yet served its answers to requests for production served in mid-October. Defendants' decision to cancel the deposition on this basis was reasonable. However, Eon's observation is correct; while its discovery responses were untimely, it did not fail to attend either the December or the February deposition. Eon's documentation includes a detailed schedule for Lejerskar showing continuous

Reality was unable to attend the April date picked by the defendant," it agreed to stipulate to extending the scheduling deadlines "and even willingly agreed to the order setting the outside time for the deposition;" (3) the problem with the deposition is "not only that the deposition is so far away from Eon Reality,[6] but primarily because of business events that have made i[t] very difficult on the scheduling of the person who is the right person to testify for Eon." (Doc. # 91, p. 2). Eon explains that deposition scheduling has been difficult because its Chairman of the Board, Dan Lejerskar, has had to travel abroad extensively to generate "survival-income" for Eon; Eon provides Lejerskar's travel documentation and meeting itinerary for the period from March 2 through June 29, 2012 (Doc. # 91-1) and from January through early March (Doc. # 91-2). Eon further explains that the other Eon representative who would provide testimony, Mats Johansson, was "in Peru (June 1-9), Kansas City (June 1-14),[7] and Montreal (June 18-22)" and that, before June, Johansson also

---

overseas travel and describing all of the meetings in the future tense, beginning on January 31, 2012 (ten days before defense counsel postponed the February deposition due to a conflict) and continuing until February 25, 2012 (two days after February 23rd, the date set for the deposition). (Doc. # 91-2, pp. 3-5). On February 23, 2012 – three weeks into the trip – Lejerskar was scheduled to be in Romania. (Id., p. 5). Johansson was also overseas on February 23rd, albeit on a trip that began on February 21st and may have been scheduled at some point after Navigator's counsel notified the other parties that a conflict necessitated postponing the deposition. (Doc. # 91-3, p. 15). This documentation suggests that Lejerskar, at least, may not have attended the February deposition, had it remained on the date noticed. However, since Navigator cancelled the February deposition, the deponents' availability to attend is immaterial to the present motion.

[6] Eon Reality's "office and personnel are in Irvine, California[.]" (Plaintiff's response, Doc. # 91, p. 2).

[7] This is an apparent typographical error; the flight itineraries Eon provides as Exhibit C to its response indicate that "Mats W and Nancy Johansson" traveled to Lima, Peru from June 1 through June 9 (Doc. # 91-3, p. 9) and that Mats Johansson had an overnight trip to Kansas City

had a heavy travel schedule.  Eon provides itineraries showing Johansson's travel schedule from January 23, 2012, through June 22, 2012.  (Doc. # 91-3).  Eon concludes by stating that it "regrets the loss of time and frustration, and will promptly remedy the problem if given the opportunity.  The situation that has occurred here is distinguishable f[ro]m the cases cited by the defendant[s], and Eon Reality respectfully request[s] leave to conform with the directive of the court." (Doc. # 91, p. 5).

## Discussion

To the extent that Eon relies on the fact that the April deposition date was "picked by the defendant" as a mitigating circumstance (see Doc. # 91, p. 2), the court finds the argument without merit. As set forth above, defendants' exhibits reveal that defendants "picked" the April 19 deposition date only after plaintiff's counsel failed to respond to requests for deposition dates e-mailed by defense counsel on February 23, March 7, March 8, March 13, and March 26 – with the latter correspondence advising plaintiff's counsel that, if he did not respond by March 30th, defense counsel might have to notice Eon's deposition unilaterally. Additionally, given the frequent overseas travel of Eon's corporate representatives evidenced by plaintiff's response to the present motion, Eon's contention that deposition scheduling has been problematic, in part, because "the deposition [in Alabama] is so far away from Eon Reality" (see Doc. # 91, p. 2) is not persuasive. Further, Eon's willingness to agree to entry of a court order setting a deadline for the deposition means little

---

scheduled for June 14, 2012, returning to California on the 15th (id., pp. 6-7).

absent a demonstrated willingness to comply with that order.  Its agreement to stipulate to the 60-day extensions sought by defendants also fails to demonstrate Eon's willingness to cooperate in scheduling, given that defendants' agreement to cancel and reschedule the noticed April 19th deposition was conditioned expressly on Eon's agreement to the extensions.  (See Doc. # 89-2, p. 15).

Eon's remaining argument in opposition to the motion is that both of its corporate representatives have been – as a matter of business necessity – unavailable for deposition due to their extensive business travel.  Plaintiff's response does indicate that both representatives have had demanding travel schedules in 2012. However, it is fair to ask Eon's representatives, with reasonable notice, to adjust their travel schedules to accommodate the litigation that Eon itself commenced. Further, the travel schedule provided by Eon reveals that there were periods of time when both representatives were not in fact traveling abroad.

First, both Lejerskar and Johansson were in California for the two week period between April 5 and April 19, 2012.  As to Lejerskar, Eon indicates that he returned to Los Angeles on April 5th from the UAE; his next flight out was not until April 25th, when he flew from Los Angeles to Washington, D.C.  (Doc. # 91, p. 3; see also Doc. # 91-1, p. 8 (showing flight from Dubai arriving in Los Angeles at 07:45 on April 5) and p. 9 (showing flight from Los Angeles to Dulles International Airport, departing at 16:58 on April 25, 2012)).  With regard to Johansson, Eon's exhibits show that he returned to Orange County, California on March 29, 2012, and did not depart again until April 19, 2012.  (See Doc. # 91-

3, p. 13 (showing Johansson's flight arriving in Long Beach at 11:57 a.m. on March 29th) and p. 11 (showing Johansson's departure at 12:55 p.m. on April 19th from Santa Ana, California)).

Navigator's counsel advised plaintiff's counsel by e-mail on February 23rd of his availability during this period, except for the dates of April 6, 18, and 19, and asked plaintiff's counsel to propose dates in April.  Navigator's counsel again requested deposition dates in April by e-mail correspondence he sent to Eon's counsel on March 7th, March 8th, and March 13th  (Doc. # 89-2, pp. 6 -9); on March 26th, he e-mailed a letter to Eon's counsel reiterating defendants' availability for depositions in April and requesting dates  (id., p. 11). Thus, despite the multiple requests from defense counsel during February and March for deposition dates in April – and even though both Lejerskar and Johansson were back in California between April 5th and April 19th – Eon proposed no April deposition dates, leading Navigator to notice the deposition unilaterally for April 19th, the date on which Johansson left California for Sweden.

Second, between June 10 and June 13, Johansson and Lejerskarand were again both in California, according to Eon's response and exhibits, during a week proposed for Eon's deposition by Navigator's counsel in his April 13, 2012, e-mail to Eon's attorney.  (See Doc. # 89-2, p. 15; Doc. # 91, p. 4 (Lejerskar's return to Orange County from Philadelphia on June 5th and his next departure on June 17th, from Orange County to New York); Doc. # 91-1, pp. 24-25 (same); Doc. # 91-3, p. 9 (return of Mats and Nancy Johansson to Los Angeles

from Peru on June 9th) and p. 6 (Johansson's June 14th departure from Los Angeles to Kansas City)). In his letter of May 15, 2012 to Eon's attorney, Navigator's counsel again proposed June 11th and 12th among the possible dates; he reminded Eon's counsel of the court-ordered deadline and advised Eon's counsel that, if he did not propose a date by May 18th, defendant would notice the deposition on one of the listed dates.  (Doc. # 89-2, p. 24). Defendants, having received no suggested deposition dates from Eon, noticed Eon's deposition unilaterally for June 7th – a date on which Lejerskar was in California but which fell during Mats' and Nancy Johansson's trip to Peru.  (Doc. # 89-1, pp. 23-31; Doc. # 91-3, p. 9).

Upon receiving the May 22 and May 23 deposition notices from defense counsel, Eon's counsel did not contact them and seek to postpone the deposition for a few days until Johansson's return from Peru or to move it forward to the week of May 28th, when Lejerskar and Johansson were also both in southern California.  (See Doc. # 91-3, pp. 9-11 (no travel for Johansson between April 28th and June 1st); Doc. # 91, p. 4 and Doc. # 91-1, pp. 19-24)(Lejerskar arriving in Los Angeles on Saturday, May 26th and departing from Long Beach on Sunday, June 3rd)).  Instead, in response to the June 4, 2012 reminder e-mail from Navigator's counsel, Eon's attorney wrote:

> Regarding the deposition, the two persons to testify are Dan Lejeskar and Mats Johanssen. *They are both abroad, and thus cannot testify on the date scheduled.  Dan returns on the 23rd, and Mats returns the week before.  We can schedule the depositions after their return.*  I have a short trial scheduled 26th; [p]lease suggest a couple of convenient days. I apologize for any inconvenience.

(Doc. # 89-2, p. 26)(emphasis added).   According to Eon's own representations and exhibits in opposition to the present motion, the information that Eon's counsel provided to Navigator's attorney was false. On June 4th, when Eon's counsel e-mailed the letter to defense counsel, Dan Lejerskar was not "abroad" – he was, in fact, in New York.  He was scheduled to return to Orange County the very next day, on June 5, not "on the 23rd" as Eon's counsel represented.  (Doc. # 91, p. 4; Doc. # 91-1, p. 24). The representation that "Mats returns the week before [June 23rd]" was also technically, although marginally, inaccurate – June 9 does not fall within the week before June 23. In any event, both corporate representatives were back in southern California between June 9 and June 14 and could, therefore, have made themselves available for deposition sometime between Monday, June 11 and Wednesday, June 13 – before the June 22 deadline ordered by the court – without rescheduling any of their "business-survival" travel.

Subsequently, in denying the defendants' June 8th motion to dismiss, the court did limit the deposition period to June 17 through June 22, which inadvertently precluded the June 11 through 13 option. However, this was done to allow Eon's corporate representatives sufficient time to return from "abroad."  Eon's counsel, upon receiving the court's order of June 11, did not seek relief from the court's order, and did not notify the court that both of his corporate representatives were then, in fact, in California.

Finally, as set forth above, Eon did not attend the Rule 30(b)(6) deposition noticed for June 20, 2012.

<u>The Court's Authority to Impose Sanctions, Including Dismissal</u>

Rule 37 allows the court to impose sanctions against a party for its failure to obey the court's order to provide or permit discovery; such sanctions may include an order "dismissing the action or proceeding in whole or in part[.]" Fed. R. Civ. P. 37(b)(2)(A)(v).[8] Under Rule 41, the court may dismiss an action on a defendant's motion "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). Under either rule, dismissal with prejudice – while an extreme sanction – is appropriate where "a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and the district court specifically finds that lesser sanctions would not suffice." <u>Betty K. Agencies Ltd. v. M/V MONADA</u>, 432 F.3d 1333, 1337-38 (11th Cir. 2005). While "[a] court should be reluctant to impose the harsh sanction of dismissal with prejudice where the plaintiff is not actually culpable[,]" it may be appropriate where any lesser sanction would fail to cure the harm an attorney's misconduct would cause to the defendants. <u>Goforth v. Owens</u>, 766 F.2d 1533, 1535 (11th Cir. 1985). Additionally, "Rule 37 sanctions are imposed not only to prevent unfair prejudice to the litigants but also to insure the integrity of the discovery process." <u>Aztec Steel Co. v. Florida Steel Corp.</u>, 691 F.2d 480, 481 (11th Cir. 1982), *cert. den.* 460 U.S. 1040 (1983). "When a party demonstrates a flagrant disregard for the court and the discovery process" dismissal is within the court's

---

[8]   Rule 37 further provides that, "unless the failure was substantially justified or other circumstances make an award of expenses unjust," the court "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure[.]" Fed. R. Civ. P. 37(b)(2)(C).

discretion. Id. "[A] court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006), *cert. den.* 549 U.S. 1228 (2007)(citing Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962)).

Eon's Contumacious Conduct

As noted above, this court's original scheduling order set a dispositive motion deadline of June 6, 2012, and a discovery deadline of August 28, 2012. (Doc. # 75).[9] Defendants' motion to dismiss and the accompanying exhibits make clear that a promptly-scheduled December deposition was postponed after Eon failed to respond to discovery requests, and that, after Navigator's counsel postponed the February deposition due to a conflict, he attempted to reschedule plaintiff's Rule 30(b)(6) deposition by agreement with Eon's counsel.  He asked plaintiff's counsel repeatedly over a period of several weeks for available dates in April; only when plaintiff's counsel failed to respond to those requests (despite the presence of both corporate representatives in California for a two-week stretch during April, and Eon's counsel's own earlier suggestion that the depositions be scheduled in late March or early April) did defendant resort to noticing the deposition unilaterally.

---

[9]  The court discussed these deadlines with counsel in a telephone status conference on October 6, 2011; none of the attorneys objected to the deadlines. The court postponed entering its scheduling order because Eon's counsel requested and received leave to file a motion for trial by jury, resolution of which would affect the court's scheduling of this matter.  However, plaintiff filed no such motion. Upon entry of the Rule 16 order, plaintiff's counsel did not object to the deadlines established, although the order allowed a 14-day period for any such objection.  (Doc. # 75, Section 15).

After defendants noticed Eon's Rule 30(b)(6) deposition for April 19th, they agreed to reschedule the deposition to accommodate plaintiff's desire to "coincide" plaintiff's deposition with those of Navigator, if plaintiff would agree to a 60-day continuance of the dispositive motion and discovery deadlines. Granting the defendants' unopposed motion required this court to reschedule both the pretrial conference and the trial of this matter. Thereafter, Eon's attorney failed to respond to Navigator's May 15 request for available deposition dates in June, despite Eon's agreement to entry of the order requiring its corporate representatives to be deposed no later than June 22, 2012, and even though Eon's identified corporate representatives were both in California during one of the weeks proposed by defense counsel for the deposition.  Plaintiff's counsel also failed to contact defense counsel about rescheduling when he received the May 22 and May 23 notices setting Eon's deposition for June 7; only after defense counsel's e-mail on June 4 regarding the deposition did plaintiff's counsel advise the defendants that his corporate representatives were not available for deposition on June 7.  Then – displaying flagrant disregard for the June 22 deadline set by the court – Eon's counsel suggested scheduling the deposition at some point after Lejerskar's June 23 return from abroad. As discussed above, Eon's counsel's representation concerning Lejerskar's whereabouts was false – he was neither abroad at the time nor remaining there until June 23; he had, in fact, returned from abroad a week previously.[10] And both of the identified corporate representatives were in California,

---

[10]  The court cannot determine from the record whether the falsehood originated with Eon's corporate representatives or with its counsel.  However, as discussed *infra*, the decision to forego

according to Eon's response to the present motion, the very next week.

Thereafter, despite the court's reiteration of the June 22 deadline and its express warning that Eon's failure to comply with the order may result in dismissal, Eon failed to appear for the Rule 30(b)(6) deposition noticed for June 20th.  Eon's counsel represented that Lejerskar and Johansson, the two people who could provide 30(b)(6) testimony, were "both unable to come, because of their business out of state." (Doc. # 89-3, p. 3).  He further stated, "*Despite trying to get them to Alabama, I am told that their business is crucial.*" (Id.)(emphasis added). Although Johansson and Lejerskar were in Canada and *en route* to California from Philadelphia, respectively, on June 20, their failure to rearrange their travel plans in order to take advantage of their last opportunity to comply with the court's order evidences Eon's disregard for the court and for the discovery process in the litigation that Eon itself initiated.  Eon's counsel's letter indicates that Eon – not its attorney – made the choice to conduct other business rather than attend its own Rule 30(b)(6) deposition as ordered by the court.  While Johansson's presentation in Canada and Lejerskar's unspecified activities may very well have been "crucial" to Eon's business, the conflict between Eon's crucial business interest and the court's deadline would not have arisen had Eon sought to schedule its own deposition earlier, when its corporate representatives were both available.

Given these facts, the court readily concludes that Eon's failure to provide the deposition testimony of its corporate representatives – particularly since Eon agreed to entry

---

the June 20th deposition was Eon's.

of the order setting the June 22 deadline, could have proposed any number of deposition dates within the nine weeks available before that deadline, and failed to petition this court for relief from either the April 23 or June 11 orders – demonstrates both a clear pattern of delay and Eon's willful disregard of the orders of this court. Eon's misrepresentation, through its counsel, about Lejerskar's whereabouts in June and Eon's purported need to schedule the deposition after Lejerskar's return from abroad on June 23 further establishes contumacious conduct.  While Eon's counsel's false statement was not made directly to the court, he should reasonably have recognized that defense counsel might present it to the court, particularly since the falsehood was employed in an effort to reschedule the Rule 30(b)(6) deposition on a date after the deadline established by the court.  The court framed the terms of its June 11 order in reliance on the false representation.  Whether or not Eon's corporate representatives provided false information to its counsel, they themselves decided not to comply with the court's order in favor of what they considered more crucial business. Eon's crucial business travel provides no justification for its failure to provide defense counsel with a deposition date that would accommodate Eon's representatives' travel schedule and the court's deadline; the record demonstrates that it could have done so. Neither does Eon's crucial business travel justify Eon's decision to ignore the court's order rather than to petition the court for relief. Thus, the record demonstrates a clear pattern of delay and contumacious conduct.

<u>Lesser Sanctions Would Not Suffice</u>

The court concludes that sanctions lesser than dismissal would not suffice to remedy

Eon's demonstrated unwillingness to cooperate in providing its own deposition and to comply with the orders of this court.   Defendants argue that Eon's failure to appear for its own deposition has hampered its ability to prepare their defense. This is undisputably so. The dispositive motion deadline is set for August 6, 2012 (see Doc. # 84) – a matter of several days from  this date – and defendants have not yet been able to take the plaintiff's deposition.  Defendants contend that Eon's Rule 30(b)(6) deposition "may reveal the need to take further depositions, issue subpoenas to relevant third parties, or issue further discovery."  (Doc. # 89, p. 10 n. 2). They further argue:

> Plaintiff identified numerous colleges and individuals in its Initial Disclosures as persons and entities likely to have discoverable information, including an individual located in Romania. Without the opportunity to take Plaintiff's deposition, it is impossible for Defendants to ascertain which individuals and/or entities it will need to subpoena records from and/or depose. Proceeding with other discovery in this matter without the guidance of Plaintiff's 30(b)(6) deposition would be a waste of Defendants' valuable time and resources as Defendants will need to tailor their discovery to the issues raised by Plaintiff in its deposition.  Further, Plaintiff's delay in producing a corporate representative for its 30(b)(6) deposition will likely prevent Defendants from complying with the procedural requirements necessary to subpoena any foreign witnesses to deposition by the applicable deadlines in this matter.

(Id.).

The court has considered sanctions lesser than dismissal, including those identified in Rule 37(b)(2), and finds that none would be effective to cure the problems generated by Eon's noncompliance.  One of the potential sanctions identified in Rule 37(b)(2) is "staying further proceedings until the order is obeyed[.]" Fed. R. Civ. P. 37(b)(2)(A)(iv). In the

circumstances of this case, a stay is particularly inappropriate; it would reward Eon's conduct by permitting Eon – not the court – to determine when it should provide the deposition testimony of its corporate representatives.  While a stay would relieve defendants of the immediate need to pursue further discovery or prepare a dispositive motion, it would also require the court to amend its schedule, once again, to accommodate the schedules of Eon's corporate representatives. A stay would not, accordingly, further this court's interest in "provid[ing] for the efficient disposition of litigation." Zocaras, *supra*, 465 F.3d at 483.

Other alternative sanctions, such as prohibiting Eon from providing the testimony of its corporate representatives in support of its claims or striking Eon's pleadings (see Rule 37(b)(2)(A)(ii) and (iii)) – while such sanctions might be tailored appropriately under different circumstances –  are tantamount to dismissal in this instance since Eon's failure to provide its own deposition testimony bears upon all of its claims equally and entirely.  A monetary sanction requiring Eon to pay defendants' expenses occasioned by Eon's failure to comply with the court's order to appear for its deposition, standing alone, is not likely to be sufficiently costly to Eon to cause it to comply with court orders in the future, if – as is argued by Eon to excuse its failure to attend the June 20 deposition – the proceedings in this court must compete with a potential 2.2 million dollar contract for Eon's attention.  (See Doc. # 91, pp. 4-5).

Eon Reality represents that it "will promptly remedy the problem if given the opportunity." (Doc. # 91, p. 5). Eon's assurance does not ring true – it had plenty of

opportunities to avoid the problem in the first place and chose not to do so. The record reveals that the problem did not result entirely, as Eon suggests, from putting its crucial business travel ahead of complying with the court's order that it submit to deposition; Eon also chose not to propose dates for its Rule 30(b)(6) deposition during times when both corporate representatives were at Eon's office in California.  Additionally, Eon Reality failed to appear for its June 20 deposition *despite the court's clear warning that its failure to do so could result in dismissal*, and despite the defendants' earlier motion to dismiss upon receiving notice from Eon's counsel that Eon would not attend the June 7 deposition.  Eon's failure to petition the court for relief to allow Johansson to tend to the Bombardier bidding competition in Montreal evidences Eon's disdain for this court's authority to control the discovery process in this case.  The court has no confidence, given Eon's past conduct, that Eon will in the future give litigation of this matter priority over any of its other, more crucial business.

## CONCLUSION

For the foregoing reasons, it is

ORDERED that defendants' motion to dismiss (Doc. # 89) is GRANTED pursuant to Fed. R. Civ. P. 37 and 41 and this court's inherent authority to enforce its orders and to provide for the efficient disposition of litigation pending before it. The claims that plaintiff asserts in this action will be dismissed with prejudice by separate judgment entered after the court determines the amount of each defendant's expense award. It is further

ORDERED that:

(1) defendants' motion, to the extent it seeks an award of reasonable expenses, including attorney fees, caused by Eon's failure to comply with the court's order compelling it to make its corporate representatives available for deposition testimony no later than June 22, 2012, is GRANTED pursuant to Fed. R. Civ. P. 37(b)(2)(C), as the record does not demonstrate substantial justification for Eon's failure or other circumstances that would make an award of expenses unjust;

(2) defendants may file an itemized statement of such reasonable expenses, accompanied by competent supporting evidence, on or before August 17, 2012;[11] and

(3) plaintiff may file specific objections to expenses sought by defendants, on or before August 31, 2012.

DONE, this 27th day of July, 2012.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[11] In their motion, the Navigator defendants claim to have incurred fees and costs of "approximately $30,000" and O'Brien asserts fees and costs of "approximately $20,000." (Doc. # 89, p. 11). Defendants will be awarded only those reasonable expenses caused by Eon's failure to comply with this court's order to make its corporate representatives available for deposition no later than June 22, 2012. The court anticipates that defendants will maintain the required focus on causation in framing their expense statements.